UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINN MALCOLM WILRIDGE, | No. C 09-2236 SI |
|     Petitioner, | **ORDER RE: PETITIONER'S FRCP 60(b) MOTION** |
|    v. | |
| JOHN MARSHALL, warden, | |
|     Respondent. | |

The procedural background of this habeas corpus petition is set forth in detail in this Court's October 5, 2009 Order dismissing Quinn Malcolm Wilridge's petition. *See* Dkt. 11. The Court dismissed the petition as barred by the one-year statute of limitations for prisoners challenging non-capital state convictions. *See* 28 U.S.C. § 2244(d)(1). The Court found that the limitations period began on June 1, 2004, 90 days after the California Supreme Court denied review of his appeal, and that Wilridge did not file his habeas petition until April 15, 2009. The Court also found that Wilridge had failed to demonstrate that he was entitled to equitable tolling of the limitations period based on mental impairment. Following that dismissal, on January 11, 2010, the Court denied Wilridge's application for a certificate of appealability. *See* Dkt. 16. Wilridge appealed.

On July 18, 2011, the Ninth Circuit granted Wilridge's request for a certificate of appealability, "with respect to the following issues: whether the district court erred by dismissing appellant's habeas petition as time-barred, including whether, in light of this court's holdings in *Bills v. Clark*, 628 F.3d 1092, 1099-1101 (9th Cir. 2010) and *Roberts v. Marshall,* 627 F.3d 768, 773 (9th Cir. 2010), appellant was entitled to an evidentiary hearing and/or equitable tolling on the basis of his mental impairment." *See Wilridge v. Marshall*, Case No. 09-17695, dkt. 6 (Jul. 18, 2011). The Ninth Circuit also appointed

counsel.

On February 10, 2012, Wilridge moved the Ninth Circuit for limited remand to this Court to supplement the record with newly obtained medical records and his prison "C file." Case No. 09-17695, dkt. 18. Wilridge argued that he had informed this Court in his habeas petition that "if the court deems that it need any more Mental health documentation to for [sic] fill the tolling period petitioner ask the court to expand the record . . .," but that this Court denied the petition without affording Wilridge an opportunity to expand the record. In his February 10, 2012 motion, Wilridge sought remand to supplement the record with the medical records and "C File" he was able to obtain with the assistance of his newly appointed attorney. Wilridge argued that the documents would demonstrate that his mental impairment was sufficiently severe to cause the untimely filing of his habeas petition. On April 9, 2012, the Ninth Circuit denied Wilridge's motion for limited remand. Case No. 09-17695, dkt. 26. However, the Ninth Circuit stated that the denial is "without prejudice to a renewed motion accompanied by an indication that the district court is willing to entertain the proposed Federal Rule of Civil Procedure 60(b) motion." *Id.* (*citing Crateo v. Intermark, Inc.*, 536 F.2d 862 (9th Cir. 1976).

Following that order, Wilridge filed with this Court the instant "Motion for Relief from Judgment Under FRCP 60(b)." *See* Dkt. 20. Wilridge argues that the record was not "amply developed" when this Court denied the habeas petition. Petr.'s Mot. at 10. He also argues on the merits that the additional documents show that his mental incompetence was sufficiently severe to cause the untimely filing. *Id.* at 9. Respondent John Marshall, Warden, opposes the motion, largely focusing on the merits that the new documents "do not alter the previous assessment of petitioner's mental assessment and whether it affected his ability to timely file his habeas corpus petition." Resp.'s Opp. at 4.

The question before this Court is a limited one. It is simply whether the Court is "willing to entertain" a 60(b) motion considering the newly proffered records. In *Crateo v. Intermark, Inc.,* the case cited by the Ninth Circuit in its April 9, 2012 Order, an appellant corporation sought relief from a judgment that it was a bankrupt. The court explained:

2

> Approximately eight months after judgment was entered adjudicating Crateo to be a bankrupt, and while the appeal from the judgment was pending, Crateo filed a motion in the District Court to vacate the judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Because of the pending appeal, the District Court had no jurisdiction to enter an order under Rule 60(b). The most the District Court could do was either indicate that it would 'entertain' such a motion or indicate that it would grant such a motion. If appellant had received such an indication, its next step would have been to apply to this Court for a remand.

356 F.2d at 869. After reviewing the documents produced by Wilridge, and for good cause shown, the Court is willing to entertain a Rule 60(b) motion.

**IT IS SO ORDERED.**

DATED: June 18, 2012

SUSAN ILLSTON
United States District Judge