United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINN MALCOLM WILRIDGE, | No. C 09-2236 SI |
|     Petitioner, | **ORDER RE: EVIDENTIARY HEARING ON PETITIONER'S FRCP 60(B) MOTION** |
|     v. | |
| JOHN MARSHALL, warden, | |
|     Respondent. | |

Pursuant to a limited remand from the Ninth Circuit, now before the Court is petitioner's motion for relief under Fed. R. Civ. P. 60(b) from the Court's October 5, 2009, dismissal of his habeas petition as time-barred. In addition to the parties' papers, on October 12, 2012, the Court heard argument on the motion. Having considered the various arguments, the Court concludes that it cannot dispose of the instant motion without an evidentiary hearing. Therefore the Court hereby ORDERS an evidentiary hearing as discussed below.

**BACKGROUND**

Wilridge was convicted in Santa Clara County Superior Court of robbery and was found to have suffered six prior robbery convictions in Washington state. He was sentenced on February 1, 2002 to 30 years to life in state prison. His conviction was affirmed by the California Court of Appeal on December 8, 2003. The California Supreme Court denied his petition for review on March 3, 2004. About four years later, Wilridge sought collateral review of his conviction. His petition for writ of habeas corpus in the Santa Clara County Superior Court was filed on April 13, 2008, and denied on June 30, 2008. His petition for writ of habeas corpus in the California Court of Appeal was filed on August

25, 2008, and denied on August 29, 2008. He sent a petition for review to the California Supreme Court, but it was returned unfiled because it was untimely.

Wilridge then filed the instant action. On October 5, 2009, the Court dismissed his petition as barred by the one-year statute of limitations for prisoners challenging non-capital state convictions. *See* 28 U.S.C. § 2244(d)(1). The Court found that the limitations period began on June 1, 2004, 90 days after the California Supreme Court denied review of his appeal, and that Wilridge did not file his habeas petition until April 15, 2009. The Court also found that Wilridge had failed to demonstrate that he was entitled to equitable tolling of the limitations period based on mental impairment. Following that dismissal, on January 11, 2010, the Court denied Wilridge's application for a certificate of appealability. Wilridge appealed.

On July 18, 2011, the Ninth Circuit granted Wilridge's request for a certificate of appealability, "with respect to the following issues: whether the district court erred by dismissing appellant's habeas petition as time-barred, including whether, in light of this court's holdings in *Bills v. Clark*, 628 F.3d 1092, 1099-1101 (9th Cir. 2010) and *Roberts v. Marshall,* 627 F.3d 768, 773 (9th Cir. 2010), appellant was entitled to an evidentiary hearing and/or equitable tolling on the basis of his mental impairment." *See Wilridge v. Marshall*, Case No. 09-17695, dkt. 6 (Jul. 18, 2011). The Ninth Circuit also appointed counsel.

On February 10, 2012, Wilridge moved the Ninth Circuit for limited remand to this Court to supplement the record with medical records and his prison "C file" newly obtained by his appointed counsel. Case No. 09-17695, dkt. 18. On April 9, 2012, the Ninth Circuit denied Wilridge's motion for limited remand, stating however, that the denial is "without prejudice to a renewed motion accompanied by an indication that the district court is willing to entertain the proposed Federal Rule of Civil Procedure 60(b) motion." Case No. 09-17695, dkt. 26 (*citing Crateo v. Intermark, Inc.*, 536 F.2d 862 (9th Cir. 1976).

On June 18, 2012, this Court indicated its willingness to entertain a 60(b) motion, and petitioner subsequently filed a motion for remand in the Ninth Circuit. On September 11, 2012, the Ninth Circuit

granted a limited remand so that this Court could rule on the Rule 60(b) motion. Case No. 09-17695, dkt. 30. Petitioner's Rule 60(b) motion is now before this Court.

## LEGAL STANDARD

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. No. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). "Rule 60(b) [ ] provides a mechanism for parties to seek relief from a judgment when 'it is no longer equitable that the judgment should have prospective application,' or when there is any other reason justifying relief from judgment." *Jeff D. v. Kempthorne*, 365 F.3d 844, 851 (9th Cir.2004) (quoting Fed. R. Civ. P. 60(b)).

Relief under Rule 60(b)(6) requires a party to "show 'extraordinary circumstances,' suggesting that the party is faultless in the delay." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380, 393 (1993). Such relief "normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir.1993).

## DISCUSSION

To qualify for Rule 60(b)(6) relief, Wilridge argues that he was injured by the Court's dismissal of his habeas petition as time-barred and ineligible for equitable tolling. Mot. for Relief at 7-10 (Dkt. 20). In particular, the injury he alleges stems from the Court's alleged refusal to accommodate his request to supplement the evidentiary record or hold an evidentiary hearing with respect to additional medical and prison records he claims would have demonstrated his eligibility for tolling. *Id.* In connection with the instant motion, the Court allowed Wilridge's counsel to file approximately 125

additional pages of these medical and prison files under seal. *See* Phillips Decl., Ex. B. (Dkt. 20-1, 2). These documents were hand-picked by Wilridge's counsel from a larger set of over 1400 pages in Wilridge's medical and "C-File" (prison file). Philips Decl. ¶ 3-5. Having reviewed the "new" records and the parties' arguments about them, the Court agrees that an evidentiary hearing is now appropriate in this unusual case, for the limited purpose of deciding the Rule 60(b) motion now before the Court.

Wilridge argues that he informed this Court in his habeas petition that "if the court deems that it need any more Mental health documentation to for [sic] fill the tolling period petitioner ask the court to expand the record . . .," but that this Court denied the petition without affording Wilridge an opportunity to expand the record or to hold an evidentiary hearing. Dkt. 20 at 5. This statement hardly qualifies as a request. To trigger an evidentiary hearing, which is expensive and which significantly burdens the Court and the parties, even a *pro se* petitioner would have needed to say more. *See Roberts*, 627 F.3d at 733 ("District courts have limited resources (especially time), and to require them to conduct further evidentiary hearings when there is already sufficient evidence in the record to make the relevant determination is needlessly wasteful."). Moreover, Wilridge did not then have access to any of the additional medical and C-File records he now has by virtue of his attorney. *See* Dkt. 20 at 5. Thus, he logically could not have been requesting to supplement the record or hold a hearing on material he did not then possess.

To prevail on a 60(b)(6) motion, Wilridge must show that this Court's prior dismissal injured him and that circumstances beyond his control prevented his timely action. *Alpine Land & Reservoir Co.*, 984 F.2d at 1049. To show injury here, Wilridge must show that he was entitled to an evidentiary hearing and that he was prejudiced by the denial of that hearing. Under Ninth Circuit precedent, "[w]here the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations of mental incompetence." *Roberts*, 627 F.3d at 733; *see also Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003) ("Of course, a petitioner's statement, even if sworn, need not

4

convince a court that equitable tolling is justified should countervailing evidence be introduced."). Where the district court does not have a full picture of a habeas petitioner's relevant records, and those records are available, Ninth Circuit precedent suggests that such an evidentiary hearing is appropriate. *See, e.g.*, *Laws*, 351 F.3d at 924-25 (Ninth Circuit reversed the district court's dismissal of a habeas petition as untimely and remanded the case for further factual development where there were no medical records offered by either party to show petitioner's mental state during the four years he sought to toll); *Roberts,* 627 F.3d 768 (9th Cir. 2010) (Ninth Circuit affirmed the district court's refusal to hold an evidentiary hearing because the record was amply developed with "extensive" medical records); *Campostrini v. Tilton*, 407 Fed. Appx. 167, 168 (9th Cir. 2010) (Ninth Circuit affirmed the district court's refusal to hold an evidentiary hearing because the district court reviewed "all of Petitioner's medical records.").

At the time of the Court's prior dismissal, the evidentiary record was ambiguous. While it showed evidence of mental illness, it also showed evidence of lucidity. *See* Pet. Reply at 6 ("While the records do indicate that, at times in 2006, Wilridge appeared to be doing okay on his medications...prison staff believed Wilridge's behavior was becoming worse."). At that time, the Court had access to only "one-tenth" of Wilridge's relevant records. Phillips Decl. ¶ 5. At hearing, petitioner's counsel argued that the additional nine-tenths now available will likely rebut the evidence in the one-tenth the Court initially relied on. Additionally, at hearing both parties conceded that a medical expert would be necessary to explain Wilridge's state of mind over the entire four-year period, as opposed to the snapshots on which the Court based it's initial dismissal order.

To determine whether 60(b)(6) relief is appropriate here, Wilridge needs to show that his mental illnesses caused his untimely habeas filing. Only with such a showing can Wilridge demonstrate the he was injured by the prior dismissal order. Without the benefit of an evidentiary hearing with expert testimony to explain over 1000 pages of medical and behavioral files, the Court cannot decide whether its dismissal of Wilridge's petition for failure to qualify for equitable tolling was premature. To be sure, refusal to hold an evidentiary hearing need not be based on having reviewed "all" or "extensive"

5

records, as petitioner's counsel suggests. *See* Dkt. 25 at 3. But here, where the Court had only a small slice of records, and additional records are available, a hearing is appropriate.

## **CONCLUSION**

Because the record was not amply developed, petitioner is entitled to an evidentiary hearing for the limited purpose of reviewing newly available medical and prison records in order to determine whether petitioner is entitled to equitable tolling based on a mental illness, and therefore to 60(b)(6) relief. The Court hereby **ORDERS** an evidentiary hearing and directs the parties to meet and confer to select a hearing date (afternoons, Monday - Thursday only) to be approved by the Court. The parties are further instructed to file a letter indicating the preferred date or dates with the Court **no later than February 4, 2013.**

**IT IS SO ORDERED.**

DATED: January 23, 2013

_____
SUSAN ILLSTON
United States District Judge