UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINN MALCOLM WILRIDGE, | No. C 09-2236 SI |
| Petitioner, | **ORDER RE: RESPONDENT'S MOTION FOR RECONSIDERATION** |
| v. | |
| JOHN MARSHALL, warden, | |
| Respondent. | |

This case is before the Court pursuant to a limited remand from the U.S. Court of Appeals for the Ninth Circuit to consider petitioner's motion under Fed. R. Civ. P. 60(b) for relief from this Court's October 5, 2009, dismissal of his habeas petition as time-barred. On January 23, 2013, the Court issued an order granting an evidentiary hearing on petitioner's 60(b) motion. Respondent has filed a motion for reconsideration of the January 23, 2013 order. Having reviewed that motion, the Court DIRECTS petitioner to file a response, as detailed below.

In the January 23, 2013 order, the Court granted an evidentiary hearing "[b]ecause the record was not amply developed, [so] petitioner is entitled to an evidentiary hearing for the limited purpose of reviewing newly available medical and prison records in order to determine whether petitioner is entitled to equitable tolling based on a mental illness, and therefore to 60(b)(6) relief." Respondent's motion for reconsideration raises no new legal issues or arguments. Instead, respondent argues that an evidentiary hearing may not be necessary because the parties may be able to review the relevant medical records themselves and submit additional briefing that would enable the Court to resolve the underlying tolling issue. Given the time and expense an evidentiary hearing entails, respondent contends that it would be more prudent to require petitioner to present the entire set of records in his possession so that


both parties may review them, before employing experts for that task.

Having considered respondent's position, the Court hereby DIRECTS the parties to meet and confer to consider respondent's proposal and associated briefing **no later than August 1, 2013**. If the parties are able to agree on a proposal for additional briefing prior to or in lieu of an evidentiary hearing, the parties shall notify the Court in a joint statement, **no later than August 9, 2013**. If, however, the parties are unable to agree, the Court DIRECTS petitioner to file a reply to respondent's motion, **no later than August 9, 2013**.

**IT IS SO ORDERED.**

DATED: July 25, 2013

                                              SUSAN ILLSTON
United States District Judge