UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QUINN MALCOLM WILRIDGE,

    Petitioner,

v.

JOHN MARSHALL, Warden,

    Respondent.

No. C 09-2236 SI

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS**

Presently before the Court is a motion by respondent John Marshall to dismiss the petition for failure to exhaust state remedies. Docket No. 41. For the reasons set forth below, the Court DENIES respondent's motion to dismiss.[1]

**BACKGROUND**

**I.    State Court Proceedings**

On October 16, 2001, following a jury trial, petitioner Quinn Malcolm Wilridge was convicted of robbery and was found to have suffered six prior robbery convictions in Washington state. Docket No. 7, Ex. A at 239-41, 298, Ex. B at 363-65, 422-44. He was sentenced on February 1, 2002 to 30 years to life in state prison. *Id.* Ex. A at 297-99, Ex. B at 513-14.

He appealed. His conviction was affirmed by the California Court of Appeal on December 8, 2003. Docket No. 8, Ex. C. The California Supreme Court denied his petition for review on March 3,

---

[1] On March 20, 2014, respondent filed a motion for leave to file a response to petitioner's sur-reply. Docket No. 49. For good cause shown, the Court GRANTS the motion and will consider the response attached to the motion for leave.

2004. Docket No. 9, Ex. E.

About four years later, petitioner sought collateral review of his conviction. On April 13, 2008, petitioner filed a petition for writ of habeas corpus in the Santa Clara County Superior Court, which was denied on June 30, 2008. Docket No. 9, Exs. F, G. On August 25, 2008, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, which was denied on August 29, 2008. *Id.* Exs. H, I.

Petitioner received notice of the Court of Appeal's denial on September 3, 2008. Docket No. 44-1, Phillips Decl. Ex. C. The California Supreme Court received Wilridge's petition for review of the Court of Appeal's denial on September 11, 2008. *Id.* Ex. A. In a letter dated September 12, 2008, the deputy clerk of the California Supreme Court explained to petitioner that his petition for review should have been filed by September 8, 2008 and, therefore, was untimely. *Id.* Ex. B. The letter instructed petitioner that for his petition for review to be filed, he must file an "Application for Relief from Default" by September 29, 2008. *Id.* Petitioner did not receive the September 12, 2008 letter until October 8, 2008, after the deadline set forth in the letter had already passed. *Id.* Exs. D, E. Nevertheless, petitioner submitted an Application for Relief from Default, which was received by the California Supreme Court on October 17, 2008. *Id.* Exs. A, F. In a letter dated October 17, 2008, the deputy clerk of the California Supreme Court stated:

> Returned unfiled is your petition for review received 9-11-2008. In a letter dated 9-12-2008 you were advised that your petition for review was untimely and you were required to submit an Application for Relief from Default explaining the reasons for your failure to file a timely petition for review. You did not submit an Application for Relief from Default by the date requested and the court lost jurisdiction to consider or grant relief of any nature in this case.

*Id.* Ex. A.

## II.     Federal Court Proceedings

Around April 15, 2009, petitioner, proceeding pro se, filed the present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising four claims.[2]  Docket No. 1.  On August 20, 2009, respondent filed a motion to dismiss the petition on the ground that it was barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).  Docket No. 7.  On October 25, 2009, the Court granted respondent's motion to dismiss and entered judgment in the action.  Docket Nos. 11, 12.

On November 9, 2009, petitioner filed a notice of appeal.  Docket No. 14.  On July 18, 2011, the Ninth Circuit granted petitioner's request for a certificate of appealability, "with respect to the following issues: whether the district court erred by dismissing appellant's habeas petition as time-barred, including whether, in light of this court's holdings in *Bills v. Clark*, 628 F.3d 1092, 1099-1101 (9th Cir. 2010) and *Roberts v. Marshall,* 627 F.3d 768, 773 (9th Cir. 2010), appellant was entitled to an evidentiary hearing and/or equitable tolling on the basis of his mental impairment."  Docket No. 18.  The Ninth Circuit also appointed counsel for petitioner.  *Id.*

On February 10, 2012, petitioner filed a motion before the Ninth Circuit for limited remand to this Court to supplement the record with newly obtained medical records and his prison "C file." *Wilridge v. Marshall*, Case No. 09-17695, Docket No. 18 (9th Cir. Feb. 10, 2012).  In his motion, petitioner argued that the documents he recently obtained with the assistance of his newly appointed attorney would demonstrate that his mental impairment was sufficiently severe to cause the untimely filing of his habeas petition.  *Id.*  On April 9, 2012, the Ninth Circuit denied Wilridge's motion for limited remand.  *Id.*, Docket No. 26 (9th Cir. Apr. 9, 2012).  However, the Ninth Circuit stated that the denial was "without prejudice to a renewed motion accompanied by an indication that the district court is willing to entertain the proposed Federal Rule of Civil Procedure 60(b) motion." *Id.* (*citing Crateo v. Intermark, Inc.*, 536 F.2d 862 (9th Cir. 1976)).

---

[2] The four claims are as follows: (1) the trial court violated petitioner's due process rights by accepting an invalid out-of-state plea agreement for Three Strikes purposes; (2) petitioner received ineffective assistance of trial counsel in violation of the Sixth Amendment; (3) the trial court was biased against petitioner in violation of his due process rights; and (4) petitioner received ineffective assistance of appellate counsel in violation of the Sixth Amendment.  Docket No. 1 at 6-6A.

On May 8, 2012, petitioner filed before this Court a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Docket No. 20. On June 18, 2012, the Court issued a order stating that it was willing to entertain petitioner's Rule 60(b) motion. Docket No. 26. On September 11, 2012, the Ninth Circuit remanded the action to this Court for the limited purpose of considering petitioner's Rule 60(b) motion. Docket No. 29. On January 23, 2013, the Court issued an order granting an evidentiary hearing on petitioner's Rule 60(b) motion. Docket No. 31. On August 6, 2013, the Court granted the parties' proposed timeline and associated briefing schedule for resolving the motion. Docket No. 40.

By the present motion, respondent moves to dismiss the petition for failure to exhaust state remedies.[3] Docket No. 41, Resp't Mot. In addition, respondent moves to dismiss the petition as procedurally barred.[4] Docket No. 45, Resp't Reply.

---

[3] In the motion, respondent argues that although the action is on limited remand from the Ninth Circuit for consideration of petitioner's Rule 60(b) motion, the Court may entertain the present motion to dismiss for failure to exhaust. Resp't Mot. at 5-6 (citing *United States v. Kellington*, 217 F.3d 1084, 1092-94 (9th Cir. 2012); *Morrison v. Mahoney*, 399 F.3d 1042, 1043-44, 1046-47 (9th Cir. 2005)). In his opposition, petitioner does not contest the Court's ability to hear the present motion.

[4] The Court notes that respondent did not raise the issue of procedural default in his motion to dismiss, and the issue was not raised until his reply brief. *See* Resp't Reply at 4-7. Generally, a court need not consider new issues raised for the first time in a reply brief. *See Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief."). However, because the Court allowed petitioner to file a sur-reply brief addressing respondent's procedural default arguments and allowed respondent to file a response to the sur-reply, the Court will address the parties' arguments on this issue below.

In addition, the Court agrees with respondent that he did not waive his affirmative defense of procedural default when he failed to include the defense in his originally filed motion. The affirmative defense of procedural default is waived if it is not included in the first responsive pleading. *See Morrison*, 399 F.3d at 1046. However, because a motion to dismiss is not a responsive pleading, and respondent has not yet filed an answer to the petition, respondent has not waived his affirmative defense of procedural default. *See, e.g., id.* at 1045-47; *see also, e.g., Randle v. Crawford*, 604 F.3d 1047, 1052-53 (9th Cir. 2010).

**DISCUSSION**

**I.     Exhaustion**

Respondent argues that petitioner failed to exhaust his state remedies as required by 28 U.S.C. § 2254(b)(1)(A) because he never presented the four claims in the petition to the California Supreme Court. Resp't Mot. at 4-5. In response, petitioner argues that his claims were exhausted when the California Supreme Court denied his petition for review and application for relief from default as untimely. Pet'r Mot. at 3-4.

**A.     Legal Standard**

Federal courts may not grant a writ of habeas corpus brought by a person in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is grounded in principles of comity as it gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

A petitioner can satisfy the exhaustion requirement by either: (1) fairly and fully presenting the federal claim to the state's highest court or (2) showing that no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996); *see Picard v. Connor*, 404 U.S. 270, 276-77 (1971). A petitioner fully and fairly presents a federal constitutional claim to the state courts if he presents the claim (1) to the correct forum; (2) through the proper vehicle; and (3) by providing the factual and legal basis for the claim. *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009); *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005). "Full and fair presentation additionally requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief." *Scott*, 567 F.3d at 582 (citing *Picard*, 404 U.S. at 278). "Exhaustion is determined on a claim-by-claim basis." *Insyxiengmay*, 403 F.3d at 668.

### B.     Analysis

As respondent acknowledges in his motion, all four claims in the present petition were contained in the state habeas petition that petitioner filed with the California Court of Appeal on August 25, 2008. *Compare* Docket No. 1 at 6-6A *with* Docket No. 9 Ex. H; *see also* Resp't Mot. at 3.  This by itself is insufficient to satisfy the exhaustion requirement. *See, e.g.*, *Wooten v. Kirkland*, 540 F.3d 1019, 1025 (9th Cir. 2008); *James v. Giles*, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000).  However, after the Court of Appeal denied the petition, respondent sent to the California Supreme Court a petition for review and an application for relief from default.  Although both his petition for review and application for relief from default were returned to petitioner as unfiled, the Court concludes that in the unique circumstances of the present case this was sufficient to satisfy the exhaustion requirement.

The letter from the California Supreme Court returning the petition for review unfiled stated: "You did not submit an Application for Relief from Default by the date requested and the court lost jurisdiction to consider or grant relief of any nature in this case." Docket No. 44-1, Phillips Decl. Ex. A.  At least one district court has found that receipt of a letter with similar language from the California Supreme Court is sufficient to satisfy the exhaustion requirement. *See Perez v. Mendoza-Powers*, 05-cv-0720-AWI-TAG, 2008 U.S. Dist. LEXIS 56790, at *6-7 (E.D. Cal. Jul. 23, 2008), *adopted by* 2008 U.S. Dist. LEXIS 84091 (E.D. Cal. Sept. 10, 2008).  The Court concludes that the language in petitioner's letter is sufficient to satisfy the exhaustion requirement because it informed petitioner that the California Supreme Court lacked jurisdiction to consider or grant relief of any nature in his case and did not offer petitioner any remaining options for relief.  Respondent argues that the letter was insufficient to exhaust his state court remedies because petitioner could have filed and can still file an original habeas petition with the California Supreme Court, citing *People v. Gray*, 179 Cal. App. 4th 1189 (2009). Resp't Reply at 2-6.  The Court finds *Gray* distinguishable from the present case.  In *Gray*, the deputy clerk for the California Supreme Court advised the petitioner "that, in order for the court to consider the material, he would have to file a petition for writ of habeas corpus." *Gray*, 179 Cal. App. 4th at 1195.  Here, no such guidance was ever given to petitioner even though the California

6

Supreme Court frequently provides such advice. *See, e.g.*, *Lujan v. Davis*, No. C 07-00387 CW, 2008 U.S. Dist. LEXIS 107796, at *2 (N.D. Cal. Mar. 25, 2008); *Trujillo v. Stainer*, No. 1:12-cv-00817-LJO-JLT, 2012 U.S. Dist. LEXIS 128572, at *8 (E.D. Cal. Sept. 10, 2012); *Morgan v. Sup. Ct. of L.A.*, No. CV 12-5382-DSF, 2012 U.S. Dist. LEXIS 176299, at *7-8 (C.D. Cal. Oct. 31, 2012); *Rojas v. Vasquez*, No. SACV 08-345-CJC, 2009 U.S. Dist. LEXIS 132473, at *4 (C.D. Cal. Jan. 12, 2009). Rather, the deputy clerk simply told petitioner that the California Supreme Court could not consider or grant relief of any nature in his case.[5] Accordingly, the Court declines to dismiss the petition for failure to exhaust state court remedies. *See Scott*, 567 F.3d at 583 ("All exhaustion requires is that the state courts have the opportunity to remedy an error, not that they actually took advantage of the opportunity." (citing *Picard*, 404 U.S. at 275)).

## II.     Procedural Default

Respondent argues that even if petitioner's claims are exhausted, then his federal petition is procedurally barred because he failed to comply with the state court's deadline for seeking review of his state habeas petition. Resp't Mot. at 4-7. In response, petitioner argues that his petition is excused from procedural default because he can show cause and prejudice. Pet'r Sur-reply at 5-11.

### A.     Legal Standard

"Federal courts hearing habeas petitions may not review state convictions, even for federal constitutional claims, if the state court judgment procedurally barring the petitioner's claims rests on

---

[5] In his response to petitioner's sur-reply, respondent also cites to the decision in *Chambers v. Grounds*, No. CV 10–6080–VBF, 2012 WL 5391859 (C.D. Cal. Sept. 21, 2012). Respondent argues that the petitioner in *Chambers* was able to file an original habeas petition with the California Supreme Court even though his petition for review was denied as untimely almost a year prior. Docket No. 49-1 at 5 n.1. Respondent argues that *Chambers* supports his position because in that case there is no reference to the petitioner being advised by the California Supreme Court that he could file a original habeas petition. *Id.* The Court finds this reasoning unpersuasive. There is nothing in the *Chambers* decision stating whether the petitioner in that case did or did not receive guidance from the Supreme Court on the availability of filing an original habeas petition. The decision is simply unclear on the issue. Accordingly, the Court finds respondent's reliance on *Chambers* unpersuasive.

7

an 'independent and adequate' state law ground." *Insyxiengmay*, 403 F.3d at 665 (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). "Procedural default, a particular type of adequate and independent state ground, 'applies to bar federal habeas review when the state court has declined to address the petitioner's federal claims because he failed to meet state procedural requirements.'" *Id.*

Procedural default can be overcome if the prisoner is able to demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him: [W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 729 (internal quotation marks and citation omitted). "To establish prejudice resulting from a procedural default, a habeas petitioner bears 'the burden of showing not merely that the errors at his trial constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension.'" *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). A petitioner must establish factual innocence in order to show that a fundamental miscarriage of justice would result from the application of procedural default. *See Coleman*, 501 U.S. at 748; *Gandarela v. Johnson*, 286 F.3d 1080, 1086 (9th Cir. 2001).

### B.     Legal Analysis

The California Supreme Court's denial of the petition for review as untimely is an independent and adequate state law ground. *See, e.g.*, *Perez*, 2008 U.S. Dist. LEXIS 56790, at *7-8; *see also Walker v. Martin*, 131 S. Ct. 1120, 1127-28 (2011) (finding that California's timeliness requirement for habeas petitioners, although discretionary, constitutes an independent and adequate state law ground). However, petitioner argues that he is excused from his default because he can show cause and prejudice.

The Supreme Court has explained that "interference by officials that makes compliance with the

8

State's procedural rule impracticable" constitutes cause. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991); *accord Murray v. Carrier*, 477 U.S. 478, 488 (1986). Such interference by officials can include delays in the mail caused by prison officials or the United States Postal Service. *See Nigro v. Sullivan*, 40 F.3d 990, 996 (9th Cir. 1994). Here, petitioner did not receive the Court of Appeal's order until over four days into the ten-day window for him to file a petition for review. Petitioner was unable to prepare his petition for review by the deadline, but did file it on September 11, 2008—only a few days after the deadline. In a letter dated September 12, 2008, the California Supreme Court informed petitioner that in order for it to consider his petition for review, he would need to file an Application for Relief from Default by September 29, 2008. But, petitioner did not receive that letter until October 8, 2008—nine days after the deadline set forth in the letter had passed. This delay in the mail rendered compliance with the September 12, 2008 letter impracticable. Accordingly, petitioner has shown "cause" for his default.

Turning to the issue of prejudice, here, a determination of whether petitioner was prejudiced by the alleged violations of federal law involves an examination of the merits of his claims. Accordingly, the Court concludes that it is appropriate to defer ruling on the issue of prejudice until the merits of the petition are addressed.[6] *See, e.g.*, *Branner v. Chappell*, No. C 90-3219 DLJ, 2014 U.S. Dist. LEXIS 5484, at *21 (N.D. Cal. Feb. 13, 2014); *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007); *Freitas v. Neven*, No. 2:10-cv-00059-PMP-RJJ, 2011 U.S. Dist. LEXIS 89249, at *10-11 (D. Nev. Aug. 11, 2011).

---

[6] Because the Court has found that petitioner has shown cause for the default and will defer ruling on whether petitioner was prejudiced, the Court declines to address petitioner's alternative argument that his default is excused with respect to his ineffective assistance of counsel claims under the Supreme Court's holdings in *Martinez v. Ryan*, 132 S. Ct. 1309, 1317 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013).

9

**CONCLUSION**

Accordingly, the Court DENIES respondent's motion to dismiss. Specifically, the Court DENIES respondent's motion to dismiss for failure to exhaust state remedies, and the Court DEFERS ruling on the issue of whether petitioner has established prejudice to excuse his default until the merits of the petition are addressed. This order resolves Docket Nos. 41 and 49.

**IT IS SO ORDERED.**

Dated: March 21, 2014

SUSAN ILLSTON
United States District Judge