United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINN MALCOLM WILRIDGE, | No. C 09-2236 SI |
| Petitioner, | **ORDER:** |
| v. | **(1) GRANTING PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING; AND** |
| JOHN MARSHALL, warden, | |
| Respondent. | **(2) DENYING RESPONDENT'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

Presently before the Court is a motion by petitioner Quinn Malcolm Wilridge requesting that the Court set an evidentiary hearing. Docket No. 52. Respondent opposes petitioner's request and, instead, proposes that the Court set forth a schedule for briefing on whether an evidentiary hearing is necessary. After reviewing the parties' arguments and the record in this action, the Court determines that it is appropriate to schedule an evidentiary hearing at this time.[1] *See* Docket No. 31 at 5-6.

---

[1] On February 4, 2013, respondent filed a motion for reconsideration of the Court's January 23, 2013 order requiring an evidentiary hearing. Docket No. 34. On February 6, 2013, respondent filed a motion for leave to file its motion for reconsideration. Docket Nos. 34, 36. Under Civil Local Rule 7-9(b), a party moving for leave to file a motion for reconsideration must specifically show one of the following:
    (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
    (2) The emergence of new material facts or a change of law occurring after the time of such order; or
    (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.
Respondent's motion for leave does not satisfy any of the above requirements. Accordingly, the Court DENIES respondent's motion for leave to file a motion for reconsideration.

The Court therefore ORDERS briefing by the parties, incorporating the full medical and prison records and expert reports, in advance of the evidentiary hearing, as follows:

1. Petitioner's opening brief on its Rule 60(b) motion for relief is due by **May 19, 2014**;
2. Respondent opposition brief is due by **June 16, 2014**;
3. Petitioner's reply brief is due by **June 30, 2014**; and
4. An evidentiary hearing is scheduled for **July 18, 2014** at **9:00 a.m.**[2]

**IT IS SO ORDERED.**

DATED: April 28, 2014

SUSAN ILLSTON
United States District Judge

---

[2] If the parties are able to stipulate that petitioner is entitled to equitable tolling of the AEDPA statute of limitations, the Court will vacate the evidentiary hearing and set forth a briefing schedule for proceeding on the merits of the petition.