UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINN WILRIDGE,<br><br>        Petitioner,<br><br>   v.<br><br>TERRI GONZALES,<br><br>        Respondent. | Case Nos.<br>09-17695 (COA), Dkt. 66<br>09-cv-02236-SI, Dkt. 131<br><br>**ORDER ISSUING CERTIFICATE OF APPEALABILITY** |

      The appellate commissioner seeks this Court's issuance or denial of a certificate of appealability from this Court's April 6, 2015 denial of petitioner's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).  *See* 09-17695 (COA), Dkt. 66; 09-cv-02236-SI, Dkt. 131. Petitioner filed a statement in support of this Court's issuance of the certificate. 09-cv-02236-SI, Dkt. 141.  For the reasons that follow, this Court issues the certificate.

      Petitioner sought to equitably toll, on the basis of mental incapacity, the one-year limitations period pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which imposed a statute of limitations on petitions for writ of habeas corpus filed by state prisoners. 09-cv-02236-SI, Dkt. 131 at 4-6.  Following a remand from the Ninth Circuit and two evidentiary hearings, the Court ruled on petitioner's Fed. R. Civ. P. 60(b) motion, finding that petitioner had not demonstrated that he was entitled to equitable tolling for mental illness between February 2005 and January 2007, and that his federal habeas petition was therefore untimely. *Id.* at 1-6.

      Under the AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a certificate of appealability from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A).  A certificate may issue "only if the applicant has made

a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2); *accord Williams v. Calderon*, 83 F.3d 281, 286 (9th Cir. 1996). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

The Court concludes that whether Wilridge is entitled to equitable tolling of the AEDPA statute of limitations on the basis of mental incapacity is, among reasoned jurists, debatable. Whether Wilridge's mental incapacity was an extraordinary circumstance beyond his control sufficient to trigger equitable tolling is a multi-factor analysis, and for this Court, was a fact-intensive inquiry. *See Roberts v. Marshall*, 627 F.3d 768, 772 (9th Cir. 2010); *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) ("Equitable tolling determinations are highly fact-dependent." (internal quotation marks omitted) (quoting *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000))).

Wilridge was required to demonstrate both:

(1) [That] his mental impairment was an extraordinary circumstance beyond his control by demonstrating the impairment was so severe that either

(a) [he] was unable rationally or factually to personally understand the need to timely file, or

(b) [his] mental state rendered him unable personally to prepare a habeas petition and effectuate its filing;

[and]

(2) […] [D]iligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (citations and internal quotation marks omitted).

Specifically, the Court zeroed in on the first factor in *Bills*, finding that the record and expert testimony indicated that, during the relevant time period, Wilridge was performing tasks which were inconsistent with the kind of incapacity required by *Bills* factor one (under either

subparts (a) or (b) as listed above). Dkt. 131 at 10-14. The Court found that Wilridge's performance of a series of tasks over a roughly two year period from February 2005 to January 2007 suggested that he possessed the requisite mental acuity to timely file a habeas petition. *Id.*

This conclusion was based on a thorough review of the records and the expert testimony presented over two evidentiary hearings. Dkt. 131 at 3. The Court is mindful, however, that fact-intensive analyses call for the fact-finder to apportion weight to a given set of facts to the exclusion of others, and thus, reasoned jurists could reach a different conclusion based on the evidence presented. A certificate of appealability "does not require a showing that the appeal will succeed." *Miller-El*, 537 U.S. at 337.

For this reason, the court issues a certificate of appealability examining whether Wilridge is entitled to equitable tolling of the AEDPA statute of limitations on the basis of mental incapacity, specifically, whether during the relevant time period (February 2005 to January 2007), Wilridge was performing tasks which were inconsistent with the kind of incapacity required under *Bills* factor one. *See* 28 U.S.C. § 2253(c)(3) ("The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing[.]"); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997)).

**IT IS SO ORDERED**.

Dated: February 19, 2016

SUSAN ILLSTON
United States District Judge